227 N.J. Super. 569 (1988)
548 A.2d 218
CYRUS SPORKIN, DAVID MEYERS, MARVIN LUNDY, LOUIS FINE AND BONNETT SHORES, INC., A NEW JERSEY CORPORATION, PLAINTIFFS-RESPONDENTS,
v.
STAFFORD TOWNSHIP, TOWNSHIP COUNCIL OF STAFFORD, CARL W. BLOCK, INDIVIDUALLY, A. WILLIAM SMITH, INDIVIDUALLY, DONALD E. ALMAN, INDIVIDUALLY, MARIE BOGDANSKI, INDIVIDUALLY, JAMES F. HOFACKER, INDIVIDUALLY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1988.
Decided September 21, 1988.
*570 Before Judges KING, GAULKIN and D'ANNUNZIO.
Thomas E. Monahan argued the cause for appellants (Gilmore & Monahan, attorneys).
Kevin J. Coakley argued the cause for respondents (Connell, Foley & Geiser, attorneys; Stephen D. Kinnard, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
We conclude that the Law Division judge's determination that the Conservation Zone in question was arbitrary and unreasonable must be reversed.
The plaintiffs own 130 acres on Cedar Bonnett Island in Stafford Township. This island sits in Barnegat Bay and is connected to the mainland and Long Beach Island by State Highway 72. Plaintiffs' lands are to the south of the highway. Seventy acres are undeveloped wetlands; sixty acres are considered *571 uplands. These uplands were originally wetlands but were built up by the disposal of dredged soil. Their elevation varies from five to nine feet above sea level. The wetlands elevation is a maximum of two and one-half feet above sea level and is tide-flowed at that elevation.
Stafford Township zoned the 60 acres of upland for single-family residences on one-acre lots. Assuming the usual rule of thumb that 10 to 15% of the land, when developed, will be used for interior roads, and other infrastructure, plaintiffs could develop and sell about 50 one-acre lots. But plaintiffs were not satisfied with that zoning and development plan. They wanted to develop this land much more intensely.
Plaintiffs wanted to develop the 60 acres of upland with both residential and commercial uses, including six residential units per acre, a hotel, an office building, and most likely a marina. Plaintiffs attempted to minimize the environmental impact of their proposed development but the township officials obviously disagreed with their view of the appropriate scope and intensity of the development of the Island's 60 acres.
A landowner is not entitled to have his land zoned for its highest and most advantageous economic use. Maximization of profit is not the sole criterion for planning. A municipality "is not obliged ..., to allow for the maximum density of construction that environmental factors will permit." Mt. Laurel II, 92 N.J. 158, 315 (1983). "Land use regulations should take into account ecological and environmental concerns." Albano v. Mayor & Tp. Com. of Tp. of Washington, 194 N.J. Super. 265, 275 (App.Div. 1984). See also Bow & Arrow Manor v. Town of West Orange, 63 N.J. 335, 343 (1973), where our Supreme Court stated
It is fundamental that zoning is a municipal legislative function, beyond the purview of interference by the courts unless an ordinance is seen in whole or in application to any particular property to be clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the statute. N.J.S.A. 40:44-31, 32. It is commonplace in municipal planning and zoning that there is frequently, and certainly here, a variety of possible zoning *572 plans, districts, boundaries, and use restriction classifications, any of which would represent a defensible exercise of the municipal legislative judgment. It is not the function of the court to rewrite or annul a particular zoning scheme duly adopted by a governing body merely because the court would have done it differently or because the preponderance of the weight of the expert testimony adduced at a trial is at variance with the local legislative judgment. If the latter is at least debatable it is to be sustained. Kozesnik v. Montgomery Twp, 24 N.J. 154, 167 (1957); Vickers v. Tp. Comm. of Gloucester Tp., 37 N.J. 232, 242 (1962), cert. den. and app. dism., 371 U.S. 233, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963).
Limited growth and development may be justified by environmental considerations. One-acre residential zoning is not per se invalid. Mt. Laurel II, 92 N.J. at 315.
Plaintiffs contend that the Township failed to support its zoning decision with adequate expert testimony. In view of the legislative findings in the Coastal Area Facility Review Act, N.J.S.A. 13:19-2,[1] and the expression of legislative intent in the *573 Coastal Wetlands Act, N.J.S.A. 13:9A-1(a),[2] we conclude that there is a readily discernible rational basis for the legislative judgment expressed by the Township's officials. The wetlands which plaintiffs' uplands adjoin are environmentally critical areas of the State. The Township's decision to limit development of the uplands to lower density, single-acre lots was hardly arbitrary or unreasonable.
REVERSED.[3]
NOTES
[1] N.J.S.A. 13:19-2 states:

The Legislature finds and declares that New Jersey's bays, harbors, sounds, wetlands, inlets, the tidal portions of fresh, saline or partially saline streams and tributaries and their adjoining upland fastland drainage area nets, channels, estuaries, barrier beaches, near shore waters and intertidal areas together constitute an exceptional, unique, irreplaceable and delicately balanced physical, chemical and biologically acting and interacting natural environmental resource called the coastal area, that certain portions of the coastal area are now suffering serious adverse environmental effects resulting from existing facility activity impacts that would preclude or tend to preclude those multiple uses which support diversity and are in the best long-term, social, economic, aesthetic and recreational interests of all people of the State; and that, therefore, it is in the interest of the people of the State that all of the coastal area should be dedicated to those kinds of land uses which promote the public health, safety and welfare, protect public and private property, and are reasonably consistent and compatible with the natural laws governing the physical, chemical and biological environment of the coastal area.
It is further declared that the coastal area and the State will suffer continuing and ever-accelerating serious adverse economic, social and aesthetic effects unless the State assists, in accordance with the provisions of this act, in the assessment of impacts, stemming from the future location and kinds of facilities within the coastal area, on the delicately balanced environment of that area.
The Legislature further recognizes the legitimate economic aspirations of the inhabitants of the coastal area and wishes to encourage the development of compatible land uses in order to improve the overall economic position of the inhabitants of that area within the framework of a comprehensive environmental design strategy which preserves the most ecologically sensitive and fragile area from inappropriate development and provides adequate environmental safeguards for the construction of any facilities in the coastal area.
[2] N.J.S.A. 13:9A-1 states:

a. The Legislature hereby finds and declares that one of the most vital and productive areas of our natural world is the so-called "estuarine zone," that area between the sea and the land; that this area protects the land from the force of the sea, moderates our weather, provides a home for water fowl and for 2/3 of all our fish and shellfish, and assists in absorbing sewage discharge by the rivers of the land; and that in order to promote the public safety, health and welfare, and to protect public and private property, wildlife, marine fisheries and the natural environment, it is necessary to preserve the ecological balance of this area and prevent its further deterioration and destruction by regulating the dredging, filling, removing or otherwise altering or polluting thereof, all to the extent and in the manner provided herein.
[3] The cross-appeal is dismissed as moot.